UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARQUESA C. JACKSON-LOCKLEAR,

*Plaintiff*,

v.

WILLIAM PATTERSON UNIVERSITY *et al*,

*Defendants*.

Civil Action No. 16-5449
(JMV) (MF)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on the motion to dismiss, or in the alternate to strike portions of the Complaint, by the Theta Tau Chapter of the Sigma Pi Fraternity ("Theta Tau" or "Defendant"). D.E. 40. This is a wrongful death case brought by the mother of a former student at William Patterson University. Plaintiff's daughter, Cherelle, alleged that she was raped while at a party hosted by the Theta Tau. Cherelle later committed suicide. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

---

[1] Defendant Theta Tau's Brief in Support of its Motion to Dismiss Plaintiff's Claims Pursuant to FRCP 12(b)(6) and, Alternatively, to Strike Immaterial Allegations and Claims for Punitive Damages Pursuant to FRCP 12(f), D.E. 40, hereinafter referred to as "Defendant's Brief" or "Def. Br."; Plaintiff's Memorandum of Law in Opposition, D.E. 46, hereinafter "Opposition" or "Opp."; Defendant's Reply to Plaintiff's Opposition, D.E. 47, hereinafter "Reply" or "Reply Br."

## I. Factual Background & Procedural History

The facts of this tragic incident are taken from the Complaint, D.E. 1, hereinafter "Complaint" or "Compl." Plaintiff Marquesa C. Jackson-Locklear brought this case on behalf of the estate of her daughter, Cherelle Jovanna Locklear. Compl. at ¶1. Cherelle was a student at William Patterson University in Wayne, New Jersey from 2012 until her death in 2015. *Id.* at ¶25.

On or about September 25, 2015, Cherelle was raped at the Theta Tau fraternity house. *Id.* at ¶27. Three weeks later, on October 15, 2015, Cherelle attempted to commit suicide and was hospitalized for approximately five days. *Id.* at ¶28. After she was released, Cherelle reported the rape and identified her assailant, a Theta Tau member, to the William Patterson Campus Victim Services Director, Theresa A. Bivaletz. *Id.* at ¶¶29, 40. Cherelle also told Bivaletz about her suicide attempt. *Id.* Bivaletz reported the rape to William Paterson's Police Department "sometime in November 2015." *Id.* at ¶31. On November 22, 2015, Cherelle's roommate discovered Cherelle in their dormitory bathroom; Cherelle had hanged herself. *Id.* at ¶34. Cherelle was pronounced dead that evening. *Id.* at ¶35.

Plaintiff alleges that the University Police Department did not conduct an investigation and did not "protect Cherelle's safety." *Id.* at ¶¶32-36. Plaintiff states in her Complaint that according to the Department of Justice, "10.3% of rapes of college women take place in fraternities," and that Theta Tau "knew, or in the exercise of reasonable care should have known" this fact, and were or should have been aware of "the incidence of sexual assault of college women." *Id.* at ¶¶107-108.

Plaintiff filed her Complaint on September 8, 2016. D.E. 1. The Complaint lists eleven counts,[2] only three of which apply to the Theta Tau: Count Eight for negligence, Count Nine for premises liability, and Count Ten for *respondeat superior* liability against Theta Tau and Sigma Pi Fraternity International, Inc. ("Sigma Pi"), the national organization of the fraternity. Compl. at ¶¶104-129. Sigma Pi filed a motion to dismiss or, in the alternate, for a more definite statement and to strike portions of the Complaint. D.E. 19. Several other named Defendants filed an Answer to the Complaint on November 21, 2016. D.E. 29. Sigma Pi was dismissed from the case on December 16, 2016. D.E. 33. Theta Tau filed the current motion on April 3, 2017. Plaintiff filed an opposition, D.E. 46, to which Theta Tau replied, D.E. 47.

**II.     Standard of Review**

    **a. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth.

---

[2] Counts Ten and Eleven are both listed as "Count Nine."

3

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### b. Rule 12(f)

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). "This standard essentially translates into application of the standards of a Rule 12(b)(6) motion to dismiss, with the understanding that a motion to strike should be granted sparingly." *Eisai Co., Ltd. V. Teva Pharmaceuticals USA, Inc.*, 629 F.Supp.2d 416, 424 (D.N.J. June 26, 2009). "[M]otions to strike are highly disfavored." *Id.* To succeed on a motion to strike, the moving party must show that the allegations in the complaint "have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues." *Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D.N.J. 2009).

### III. Analysis

Theta Tau argues that Plaintiff's negligence claims must be dismissed because Plaintiff fails to allege that the fraternity owed Cherelle a duty of care. Def. Br. at 9-11. Defendant also asserts that the allegations are insufficient to sustain a claim of *respondeat superior* because Cherelle's alleged assailant was not an "agent" of the fraternity. *Id.* at 12. Theta Tau further claims that the assault "was not committed to further the purpose" of any interest of the fraternity. *Id.* at 13. Defendant adds that the Complaint does not allege that any action of the fraternity was the proximate cause of her death. *Id.* at 14-18. In support of its motion to strike,

4

Theta Tau argues that Plaintiff's claim for punitive damages should be struck because such damages cannot be awarded in a wrongful death action. *Id.* at 18. Defendant further states that the general allegations about campus sexual assault should be stricken as "wholly irrelevant." *Id.* at 19.

In her Opposition, Plaintiff argues that Theta Tau had a "duty to protect its invitees from the foreseeable risk of sexual assault." Opp. at 7. Plaintiff also points to decisions in other jurisdictions that have entertained similar claims against fraternities. *Id.* at 9-10. She further argues that the issue of whether an agency relationship exists is a question of fact that cannot be determined at this stage; Plaintiff adds that there is an additional question of fact as to whether Cherelle's assault was foreseeable. *Id.* at 11-16. As to her claim for punitive damages, Plaintiff argues that it is proper under the New Jersey Punitive Damages Act. *Id.* at 19-20. She further asserts that the sections in the Complaint that Defendant seeks to strike are important background information that bolster her claim regarding the foreseeability of Cherelle's assault. *Id.* at 21-22.

Neither party contests that New Jersey law applies. Def. Br. at 9; Opp. at 6. Plaintiff's negligence claim is brought under a theory of premises liability; although they are listed separately as Counts Eight and Nine, it is one claim. *Anderocci v. Coach*, 2016 WL 6276094, at *2 (App. Div. Oct. 27, 2016); *Gonzalez v. Santos*, 2015 WL 5837424, at *1 (N.J. Super. Ct. App. Div. Sept. 30, 2015). To establish a claim of negligence, Plaintiff must establish four elements: "(1) a duty of care; (2) a breach of that duty; (3) actual and proximate causation; and (4) damages." *Anderocci*, 2016 WL 6276094, at *1; *see also Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 212 N.J. 576, 594 (2013). In premises liability cases, courts consider several factors to determine the duty of care owed, including the relationship of the parties, the nature of

the attendant risk, a defendant's opportunity and ability to exercise reasonable care, and public policy considerations. *Hopkins v. Fox & Lazo Realtors,* 132 N.J. 426, 434 (1993).

The critical issue in this matter is whether Plaintiff has alleged sufficient facts demonstrating that Theta Tau owned Cherelle a duty of care, that is, whether Defendant should have reasonably foreseen Cherelle's rape. *Estate of Desir ex rel Estiverne v. Vertus*, 214 N.J. 303, 317 (2013). At its essence, foreseeability is a question of fairness, *i.e.* whether it is fair to hold Defendant responsible for the alleged harm. *Id.*

The only New Jersey case that either party cites as to premises liability in the context of a fraternity house is *Peguero v. Tau Kappa Epsilon Local Chapter*, 439 N.J. Super 77 (N.J. Super. Ct. App. Div. 2015).[3] In *Peguero*, the plaintiff was shot after a fight broke out at a fraternity party. *Id.* at 80. The Appellate Division observed that whether a legal duty exists, and the corresponding scope of the duty, are questions of law. *Id.* at 88 (citing *Carvalho v. Toll Bros. & Developers,* 143 N.J. 565, 572 (1996); *Kelly v. Gwinnell,* 96 N.J. 538, 544–45 (1984)). The

---

[3] The parties have not provided, nor has the Court found, any New Jersey cases decided after *Peguero* that address the issue of premises liability against fraternities. Plaintiff cites to three cases decided after *Peguero* in her Opposition as support for her argument that her case should not be dismissed at this stage: *Higgins v. Holiday Inn and Conference Center,* 2017 WL 1228848 (N.J. Super. Ct. App. Div. Apr. 4, 2017) (affirming the grant of *summary judgment* to the defendant after the plaintiff was injured during a robbery outside a hotel); *White v. Getty Petroleum Marketing Inc.*, 2015 WL 9902673 (N.J. Super. Ct. App. Div. Jan 25, 2016) (affirming the grant of *summary judgment* to the defendant after the plaintiff was shot at a gas station owned by defendant in an allegedly "high crime area"); and *Serure v. Sheehan,* 2015 WL 4250943 (N.J. Super. Ct. App. Div. July 15, 2015) (affirming the grant of *summary judgment* to the defendant after the plaintiff was injured during a physical altercation with another shopper at a retail store). Opp. at 8 & n.2.

The locations in these cases are distinguishable from a fraternity house so they do not further the analysis here. Plaintiff also argues that these three cases indicate it is premature to resolve the current dispute at the motion to dismiss stage. However, the pleading standard in the federal system is more stringent than at the state level, which requires merely notice pleading. *Compare Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *with Green v. Morgan Properties,* 215 N.J. 431, 451-2 (2013).

court in *Peguero* further indicated that when assessing foreseeability, a court considers the totality of the circumstances to evaluate a defendant's knowledge of the risk of injury. *Id.* at 93.

The court in *Peguero* ultimately determined that the shooting "was not reasonably foreseeable," and thus the fraternity had no duty to the plaintiff to protect him from the independent crime of a third party. *Id.* at 91. The *Peguero* court based its decision, in part, on the fact that "there was no previous pattern of criminal conduct at the fraternity members' house that would have or should have alerted" defendants to the possibility that partygoers were at risk of being shot. *Id.* at 92. Moreover, the shooter was not seen possessing a firearm, drinking heavily, or acting belligerently before the shooting occurred. *Id.* at 93.

In reaching its decision, the Appellate Division looked to guidance from two New Jersey Supreme Court cases: *Butler v. Acme Markets, Inc.*, 89 N.J. 270 (1982) and *Clohesy v. Food Circus Supermarkets, Inc.*, 149 N.J. 496 (1997). *Id.* at 91-92. The *Peguero* panel noted that in *Butler*, it was reasonably foreseeable to the grocery store defendant that the plaintiff would be assaulted in the parking lot given seven prior muggings in the same location at the same time of day. *Id.* (citing *Butler*, 89 N.J. at 274-75). The Appellate Division similarly observed that in *Clohesy*, the kidnapping and murder of an elderly woman from the defendant's parking lot was reasonably foreseeable to the defendant supermarket in light of prior thefts (which routinely escalated to violent offenses), the increased crime rate in the vicinity, and statistics demonstrating a high amount of violent crimes in parking lots across the nation. *Id.* at 92 (citing *Clohesy.*, 149 N.J. at 514).

Plaintiff correctly notes that the court in *Peguero* stated that it was not finding that "a fraternity or its members could *never* be liable for criminal or other dangerous conduct that occurs during the course of a party," while acknowledging the tragic consequences of, among

other things, sexual assault. *Id.* at 93 (emphasis added). However, Plaintiff has not alleged that Theta Tau was aware that Cherelle's assailant was a risk to women. To this end, Plaintiff has not alleged that Theta Tau was aware of prior improper conduct by the assailant or that the assailant gave an indication that he could be dangerous on the night of the assault itself. Nor has Plaintiff alleged that there was a previous pattern of conduct at Theta Tau which put the fraternity on notice that females were at risk of being assaulted on their premises. Instead, Plaintiff cites to the Department of Justice report and the "wide coverage in the national press" of campus sexual assault. Compl. at ¶¶107-108. The Court acknowledges that such information may be relevant in assessing foreseeability. As the *Peguero* court noted, the Supreme Court in *Clohesy* considered national crime statistics in determining that a duty of care existed. However, no New Jersey court has ever found that such information, standing alone, is sufficient to find that an offense is reasonably foreseeable to a defendant.

Plaintiff does not cite to any other New Jersey cases addressing premises liability in the fraternity or college context. Rather, she cites to several cases from other state and federal courts where motions to dismiss and for summary judgment have been denied on claims of premises liability against fraternities. Opp. at 9-11. None of the decisions, however, interpret New Jersey law. In addition, and critically, the decisions from the other jurisdictions are factually distinguishable. For example, in *Brown v. Delta Tau Delta*, the fraternity's president admitted that the fraternity "had been concerned about [the plaintiff's assailant] for a while" because he had developed a drinking problem and had been violent in the past. 118 A.3d 789, 790-91 (Me. 2015). Additionally, the fraternity had a written policy on alcohol and substance abuse, and during the party there was a member "whose function was to limit access to the upper floors" of the fraternity house. *Id.* at 790, 793-94. Similarly, in *Doe v. Indiana University Bloomington*,

8

the plaintiff's alleged assailant had been accused of sexual assault before and the national chapter of the fraternity "was also aware of other sexual assaults at fraternity houses at [Indiana University] and 'multiple previous allegations of sexual assault specifically at [the local fraternity chapter].'" 2016 WL 7188214, at *2 (S.D. Ind. Dec. 12, 2016). Plaintiff does not allege similar facts here.

Accordingly, Counts Eight and Nine are dismissed. As a result, Count Ten, which is based on a *respondeat superior* liability, is also dismissed. *Allia v. Target Corp.*, 2008 WL 1732964, at 6 (D.N.J. Apr. 10, 2008). Without plausible allegations the Theta Tau was or should have been on notice that this type of harm was reasonably foreseeable, the Court must grant Defendant's motion to dismiss.

### IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss is **GRANTED** without prejudice. Because the Court has granted Defendant's motion to dismiss, its motion to strike portions of the Complaint under Rule 12(f) is denied as moot. An appropriate Order accompanies this Opinion.

Dated: April 24, 2018

John Michael Vazquez, U.S.D.J.